UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

*********************************** *
JAMES J. WELSH, III,                *
                                    *
                        PLAINTIFF,  *   CASE NO. _____
                                    *
v.                                  *
                                    *   06 CA 10218 NMG
CARLOS CAMPOS and DARE MIGHTY       *
THINGS, INC.,                       *
                                    *
                        DEFENDANTS. *
                                    *   MAGISTRATE JUDGE Collings
*********************************** *

## NOTICE OF REMOVAL

Dare Mighty Things, Inc. ("DMT"), co-defendant in the above-entitled action, respectfully states:

1. On or about January 12, 2006, a Summons, Complaint for Jury Trial, and Civil Action Cover Sheet, (together, the "Complaint") were filed against the defendants in the Essex County Superior Court, Salem Division, Massachusetts entitled <u>James J. Welsh, III v. Carlos Campos and Dare Mighty Things, Inc.</u>, Civil Action No. 06-0025.

2. The Complaint was served upon DMT on January 18, 2006 together with Interrogatories, and Requests for Production of Documents. In accordance with the provisions of 28 U.S.C. § 1446, this Notice of Removal is filed within 30 days of the Complaint being served upon DMT.

3. Pursuant to 28 U.S.C. § 1446, a copy of the Complaint filed by Plaintiff is attached hereto, and constitutes the only process, pleadings, and orders that have been filed in this action.

4. This is a civil action where the Plaintiff seeks $150,000 in damages as stated in the Civil Action Cover Sheet. Plaintiff has alleged two causes of action: negligent infliction of emotional distress; and intentional infliction of emotional distress against both defendants. As to defendant Carlos Campos, his alleged causal connection was having an extramarital affair with the plaintiff's wife. As to DMT, its alleged causal connection is that it was the employer of defendant Campos and plaintiff's wife at the time of the alleged affair. The amount in controversy exceeds $75,000.

5. 28 U.S.C. § 1332 provides that the district court has original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

6. 28 U.S.C. § 1332(c)(1) states that a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business.

7. Plaintiff pleads in his complaint that he is a resident of Woodstock, Maryland.

8. Defendant DMT is a corporation incorporated under the laws of the State of New Hampshire with its principal place of business in Portsmouth, New Hampshire. Its only other location is in Vienna, Virginia which has not ties or other relevance to this matter.

9. Defendant Carlos Campos is a resident of Nashua, New Hampshire.

10. As the Plaintiff and Defendants have diversity of citizenship, and the amount in controversy exceeds $75,000, removal to this Court is warranted under 28 U.S.C. § 1332.

11. Written notification of this filing was provided to plaintiff's counsel as required by 28 U.S.C. § 1446 (d). Although defendant Campos has not been served with the Complaint, his counsel was also provided written notification of this filing.

12. A copy of this notice of removal will be filed with the Clerk of the Essex County Superior Court, Salem Division, as required by 28 U.S.C. § 1446(d).

13. Pursuant to Local Rule 81.1(a), DMT will request a certified or attested copy of all records and proceedings, and all docket entries from state court to be filed with this Court.

14. Although defendant Campos has not been served with the Complaint, his counsel has assented to removal to this Court.

WHEREFORE, pursuant to 28 U.S.C. § 1441, et seq., Defendant Dare Mighty Things, Inc., prays that this honorable Court:

    A. Remove this action to this Court and accept jurisdiction of this action;

    B. Henceforth place this action on its docket for further proceedings, the same as if this action had originally been instituted in this Court;

    C. Make appropriate orders to implement removal of this action; and

    D. Such other and further relief this Court deems just and equitable.

Respectfully submitted,
DARE MIGHTY THINGS, INC.,

By Its Attorneys
McLANE, GRAF, RAULERSON & MIDDLETON,
PROFESSIONAL ASSOCIATION

Dated: February 2, 2006

Cameron G Shilling, Esq., BBO# 632379
Anthony S. Augeri, Esq. BBO# 648696
900 Elm Street, PO Box 326
Manchester, NH 03105-0326
(603) 625-6464

svc copy

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 060025

JAMES J. WELSH, III ............................................................, Plaintiff(s)

v.

CARLOS CAMPOS, et al ............................................................, Defendant(s)

## SUMMONS

To the above named Defendant: DARE MIGHTY THINGS, INC. 1000 MARKET ST. Portsmouth, NH 03801

You are hereby summoned and required to serve upon THOMAS E. BEATRICE, ESQ.,
plaintiff's attorney, whose address is 286 HUMPHREY ST. SWAMPSCOTT, MA. 01907, an answer to the complaint which is herewith served upon you,* within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 34 FEDERAL ST. SALEM, MA 01970 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS Barbara J. Rouse, Esquire, at Salem, the
day of                , in the year of our Lord two thousand

*along with Plaintiff's Interrogatories
and Request for Production of Documents

A TRUE COPY: ATTEST

DEPUTY SHERIFF

_____
Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

| CIVIL ACTION COVER SHEET | DOCKET NO(S) | Trial Court of Massachusetts Superior Court Department County: |
|---|---|---|

PLAINTIFF(S) JAMES J. WELSH, III

DEFENDANT(S) CAITLOS CAMPOS and DARE MIGHTY THINGS, INC.

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 781-593-6100
THOMAS E. BEATRICE
286 HUMPHREY ST. SWAMPSCOTT, MA 01907
Board of Bar Overseers number: 547946

ATTORNEY (if known) unk

**Origin code and track designation**

Place an x in one box only:
- [ ] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [x] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

CODE NO. B99   TYPE OF ACTION (specify) NEGL/INTENT. INFL. EMO DISTRESS   TRACK: A/F   IS THIS A JURY CASE? (x) Yes ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses ................ $
   2. Total Doctor expenses .................. $
   3. Total chiropractic expenses ............ $
   4. Total physical therapy expenses ........ $
   5. Total other expenses (describe) ........ $
   Subtotal $
B. Documented lost wages and compensation to date ........ $
C. Documented property damages to date .................... $
D. Reasonably anticipated future medical and hospital expenses $
E. Reasonably anticipated lost wages ...................... $
F. Other documented items of damages (describe) ........... $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   DEFENDANT engaged in extreme and outrageous conduct negligently or
   intentionally causing the Plaintiff emotional distress
                                                            $ 150,000
   TOTAL $ 150,000

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 12/10/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

## THE COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                                                SUPERIOR COURT DEPT.
                                                                           TRIAL DIVISION
                                                                           DOCKET NO.

JAMES J. WELSH, III

    *PLAINTIFF*

v.                                                          No.

CARLOS CAMPOS and
DARE MIGHTY THINGS, INC.

    *DEFENDANTS*

## COMPLAINT AND JURY CLAIM

### PARTIES, JURISDICTION AND ALLEGATIONS

1. Plaintiff James J. Welsh, III (Plaintiff) is a resident at 10617 Chatterton Way, Woodstock, MD. 21163.

2. Defendant Carlos Campos (Defendant) is an adult resident of 5 Jalbert Drive, Nashua, N.H. 03060 and an employee of Dare Mighty Things, Inc. located at 1000 Market Street, Portsmouth, N.H. 03801. Upon information and belief the Defendant is married.

3. Plaintiff has been married to Jeannette Welsh of Beverly, MA. since September 6, 2000. Mrs. Welsh is also an employee at Dare Mighty Things, Inc. where the Defendant serves as her boss.

4. On or about September 5, 2005 and various other subsequent dates Defendant Carlos Campos committed adultery (acts) with the Plaintiff's wife Jeannette Welsh within Essex County in the Commonwealth of Massachusetts (see Ex. 1).

5. At the time(s) the Defendant Campos committed such acts he knew or should've known Mrs. Welsh was married and was, at the time, living with the her husband, the Plaintiff, and their two young children.

6. At the time(s) the Defendant committed such acts he knew or should've known that this conduct would cause the Plaintiff emotional distress.

7. Such acts are extreme and outrageous, beyond all possible bounds of decency, utterly intolerable in a civilized community and of a criminal nature.

8. At the time(s) the Defendant committed such acts it was reasonably foreseeable that such conduct would cause the Plaintiff emotional distress.

9. The Plaintiff has suffered severe and continuing emotional distress as a direct result of Defendants' acts, omissions and conduct as described in paragraphs 4. and 10. herein above including but not limited to depression, anxiety, irritability, inability to focus, loss of sleep, loss of appetite and general disruption of his reasonable and customary activities.

10. Said Co-Defendant Dare Mighty Things, Inc. aided, facilitated and encouraged said adulterous conduct by failing to properly supervise its employees, failing to institute and administer policies to discourage inappropriate conduct between its employees and with respect to its employees in a supervisory or management capacity and by continuing to employ the Defendant despite notice of said adulterous and inappropriate conduct.

11. Defendant Dare Mighty Things, Inc. knew or should've known that its acts and omissions would cause the Plaintiff emotional distress.

## COUNT I

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

12. Plaintiff incorporates paragraphs 1.-11. herein above.

13. Defendants' acts and omissions amount to Intentional Infliction of Emotional Distress.

WHEREFORE, Plaintiff demands judgment, costs, fees and any further relief deemed just.

## COUNT II

### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

14. Plaintiff incorporates paragraphs 1.-13. herein above.

15. Defendants' acts and omissions amount to Negligent Infliction of Emotional Distress.

WHEREFORE, Plaintiff demands judgment, costs, fees and any further relief deemed just.

## PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES

Respectfully submitted.

Plaintiff
James J. Welsh, III
by his Attorney

Date: 12-12-05

Thomas E. Beatrice
286 Humphrey Street
Swampscott, MA 01907
BBO#547946
781-593-6100

